IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIO ROJAS,

    Plaintiff,

v.                                              CIVIL NO. 01-2560 (RLA)

ANTHONY PRINCIPI, SECRETARY OF
THE DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

**ORDER DISMISSING CLAIM FOR BREACH OF SETTLEMENT AGREEMENT**

Defendant has moved the court to enter summary judgment dismissing a claim for alleged breach of a Settlement Agreement executed by the parties on April 12, 1996, the only remaining cause of action in these proceedings.[1]

According to plaintiff, the aforementioned Settlement Agreement guaranteed him both a GS-12 grade level position as well as the corresponding pay indefinitely. Defendant, on the other hand, contends that in accordance with the applicable regulations although plaintiff was entitled to indefinite pay retention he was subject to grade retention only for a term of two years.

**SUMMARY JUDGMENT**

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that

---

[1] Plaintiff's discrimination claims were previously dismissed. See, Order Dismissing Various Claims (docket No. 30).

**CIVIL NO. 01-2560 (RLA)**                                                              **Page 2**

they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. Morrissey v. Boston Five Cents Sav. Bank, 54 F. 3d 27, 31 (1st Cir. 1995).

"In ruling on a motion for summary judgment, the court must view 'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" Poulis-Minott v. Smith, 388 F.3d 354, 361 (1st Cir. 2004) (citing Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir.1995)).

Credibility issues fall outside the scope of summary judgment. "'Credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *See also*, <u>Dominguez-Cruz v. Suttle Caribe, Inc.</u>, 202 F.3d 424, 432 (1st Cir. 2000) ("court should not engage in credibility assessments."); <u>Simas v. First Citizens' Fed. Credit Union</u>, 170 F.3d 37, 49 (1st Cir. 1999) ("credibility determinations are for the factfinder at trial, not for the court at summary judgment."); <u>Perez-Trujillo v. Volvo Car Corp.</u>, 137 F.3d 50, 54 (1st Cir. 1998) (credibility issues not proper on summary judgment); <u>Molina Quintero v. Caribe G.E. Power Breakers, Inc.</u>, 234 F.Supp.2d 108, 113 (D.P.R. 2002). "There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood. In fact, only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment.". <u>Cruz-Baez v. Negron-Irizarry</u>, 360 F.Supp.2d 326, 332 (D.P.R. 2005) (internal citations, brackets and quotation marks omitted).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, <u>Anderson v. Liberty Lobby, Inc.</u>, 477

**CIVIL NO. 01-2560 (RLA)**                                              **Page 4**

U.S. at 256-257, 106 S.Ct. 2505, 91 L.Ed.2d 202; Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2000); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 412 (1st Cir. 2000); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## THE FACTS

The court finds that based on the evidence submitted by the parties the following facts are not in dispute.

Plaintiff commenced working with the DEPARTMENT OF VETERANS AFFAIRS (DVA) in 1970 in a GS-8 level position in prosthetics. He was eventually promoted to GS-12 in 1979. In 1987 plaintiff was reassigned to the position of Staff Assistant. As of August 1991 plaintiff held a GS-12 Step 8 position.

From December 1987 to July 1992 plaintiff was assigned to the Environmental Management Service ("EMS") and subsequently moved to the Finance Department without any formal personnel action.

By a letter dated August 21, 1995 plaintiff was advised that effective September 3, 1995 the position of Staff Assistant GS-12 Step 9 occupied by him had been reclassified to Auditor GS-11 Step 00 based on a classification review of the duties and responsibilities he was then performing.

**CIVIL NO. 01-2560 (RLA)**                                                              **Page 5**

While working at the Finance Department plaintiff filed a discrimination claim for his non-selection to a GS-13 level position which claim was assigned EEO Case # 96-0319.

Plaintiff's discrimination case was resolved via a Settlement Agreement executed on April 26, 1996 which, in pertinent part, reads as follows:

> 2.  The Department of Veterans Affairs agrees to:
>
> (a) The VAMC San Juan will provide Mr. Rojas with a position out of Fiscal Service that will be consummately (sic) with his skills and abilities....
>
> (b) Mr. Rojas will be provided with a Position Description, Performance Standards and be evaluated... **Mr. Rojas would (sic) remain under the same circumstances as it pertains to his grade and save pay issues**.
>
> (c) The VAMC San Juan will provide a personnel action on a Form 52 to indicate the time he was assigned in this facility's Environmental Management Service (EMS).
>
> (d) Mr. Rojas will be provided with back pay... The back pay will be the difference between GS-13 and GS-12, retroactive to the date the incumbent was hired into the position in dispute.

(Emphasis ours).

In accordance with the Settlement Agreement the following actions were taken. The corresponding personnel action forms were

prepared covering the period of time plaintiff had been working both at EMS and at the Finance Department. Plaintiff was advised by a May 2, 1996 letter that he was being reassigned to the position of Program Analyst GS-343-11 in the MCCR Section under the Office of the Medical Center Director and that his "grade and pay entitlements [would] not be affected by this action." Additionally, plaintiff received back pay for a term of approximately four months at the rate of a GS-13 Step 5.

Since his reclassification in September 1995 plaintiff has received the corresponding annual pay increases decreed by the President.

In 1997 plaintiff was granted a within-grade increase from GS-12 Step 9 to GS-12 Step 10 with its corresponding base pay increase. Having reached the top step for his GS-12 level plaintiff was not entitled to additional within-grade increases thereafter.

On September 2, 1997, after two years following plaintiff's reclassification, all personnel actions concerning plaintiff were taken based on a GS-11 level. Plaintiff's rate of base pay was not affected.

**DISCUSSION**

According to plaintiff, he held a grade 12 level position at the time the Settlement Agreement was executed. Plaintiff contends that lowering his position to a GS-11 Step 10 on September 27, 1997 breached the provision of the Settlement Agreement which guaranteed

**CIVIL NO. 01-2560 (RLA)**                                                         **Page 7**

that he would "remain under the same circumstances as it pertains to his grade and save pay issues" and therefore, he is entitled to a pay differential in excess of $30,000.00.

In support of this theory plaintiff submitted the Statement of FEDERICO GONZALEZ LARTIGUE, his supervisor while at Fiscal Service, as well as a series of e-mails exchanged between his supervisor with management and the Human Resources director evidencing a dispute regarding plaintiff's reclassification which lasted approximately two years. According to plaintiff's supervisor it was unfair to lower his position while being so close to retirement. However, MR. GONZALEZ LARTIGUE conceded that the work plaintiff was doing at Fiscal Service at the time could not justify a GS-12 grade level position.

Additionally, plaintiff submitted pay stubs issued subsequent to the Settlement Agreement which indicate that his grade level was 12.

We find that the evidence presented by plaintiff does not contradict the fact that his position had been reclassified to a GS-11 grade in the Fall of 1995. The aforementioned e-mails, which run from April 10, 1993 to July 17, 1995, antecede the reclassification. Further, at no point does the evidence contradict the veracity of the May 2, 1996 letter to plaintiff subscribed by JAMES A. PALMER, Medical Center Director, reassigning plaintiff to the position of Program Analyst GS-343-11, a grade 11 level position as part of the process of implementing the terms of the Settlement Agreement.

**CIVIL NO. 01-2560 (RLA)**                                         **Page 8**

The fact that the pay stubs had plaintiff at a grade 12 level subsequent to his reclassification in 1995 were by operation of the provisions of 5 C.F.R. § 536.101 which guaranteed him that grade for a period of two years and with indefinite pay retention thereafter.

In pertinent part, § 536.101 reads:

> (a) Title VII of Public Law 95-454 (The Civil Service Reform Act of 1978) provides that an employee... whose position is reduced in grade as a result of reclassification of the position is entitled to retain for a period of 2 years the grade level held immediately before that... reduction. It also provides the authority for granting an employee indefinite pay retention.

Even though plaintiff still retained a grade 12 level at the time the Settlement Agreement was reached in April 1996 this was based on a temporary measure which was due to expire by operation of law. The phrase "under the same circumstances as it pertains to his grade and save pay issues" included in the document meant precisely that - the status quo would continue but subject to the limitations as per the applicable regulations.

Hence, we conclude that the fact that after the two-year grace period plaintiff was regarded as a GS-11 employee in accordance with the position he held did not constitute a breach of the Settlement Agreement as claimed by plaintiff.

**CIVIL NO. 01-2560 (RLA)** **Page 9**

**CONCLUSION**

Based on the foregoing, Defendant's Motion for Summary Judgment (docket No. **53**)[2] is **GRANTED**.

Accordingly, the remaining claim in this action for alleged breach of a Settlement Agreement is hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of July, 2006.

                                          S/Raymond L. Acosta
                                             RAYMOND L. ACOSTA
                                      United States District Judge

---

[2] *See*, Defendant's Statement of Undisputed Material Facts (docket No. **54**); Plaintiff's Statement of Material Uncontested Facts (docket No. **58**) and Plaintiff's Memorandum in Opposition (docket No. **60**).